IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02417-BNB

DEAN GATES, #118740,

    Plaintiff,

v.

DOUG RODRIGUEZ,
TIM DOUGLAS,
MARSHALL GRIFFITH,
CHERYL SMITH,
COLORADO DEPARTMENT OF CORRECTIONS,
MENTAL HEALTH DEPARTMENT,
KATHY WASCO,
ROBBIE QUICK,
SHARON PHILLIPS,
DR. WORMER,
SGT. SINGLETON, and
MEDICAL DEPARTMENT, Fort Lyons,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Dean Gates, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Fort Lyons, Colorado, Correctional Facility. Mr. Gates, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights are being violated. He asks for money damages.

The Court must construe the Complaint liberally because Mr. Gates is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Gates will be ordered to file an Amended Complaint and assert how each named party violated his constitutional rights.

Mr. Gates is suing improper parties. Mr. Gates may not sue the Colorado Department of Corrections. The State of Colorado is protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989); **Meade v. Grubbs**, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, **see Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, **see Quern v. Jordan**, 440 U.S. 332, 340-345 (1979).

Also, Defendants Mental Health Department and Fort Lyons Medical Department are not persons for the purpose of a § 1983 action. Mr. Gates must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

Mr. Gates must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gates must name and show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may **not** be held liable on a **theory of respondeat superior** merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.* ,___ F.3d ___, 2010 WL 3064002 (10th Cir. 2010) (Tymkovich, J., concurring).

Mr. Gates also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Gates file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Gates, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Gates fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED November 19, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02417-BNB

Dean Gates
Prisoner No. 118740
Fort Lyon Corr. Facility
P.O. Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/19/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk