```
                                                                    FILED
                                                         UNITED STATES DISTRICT COURT
                                                              DENVER, COLORADO
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLORADO                     MAR 09 2011
```

Civil Action No. 10-cv-02417-BNB

GREGORY C. LANGHAM
                CLERK

DEAN GATES,

    Plaintiff,

v.

SHARON PHILLIPS, P.A.,
SGT. JOSEPH SINGLETON,
DR. WORMER,
LAURIE O'NEAL,
DOUG RODRIGUEZ,
P.A. J. HOOKER,
K. HYLAND,
J. WESCOT, and
ALL NURSES OVERSEEING MY CARE FROM 12-3-08 TIL 12-27-08,

    Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Dean Gates, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fort Lyon Correctional Facility. Mr. Gates, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. On November 19, 2010, Magistrate Judge Boyd N. Boland entered an order instructing Mr. Gates to file an Amended Complaint and assert personal participation by all named Defendants. Mr. Gates filed the Amended Complaint on January 4, 2011, but he failed to include addresses for all named Defendants. Magistrate Judge Boland directed Mr. Gates to provide the addresses, which he did on March 3, 2011.

The Court must construe the January 4 Complaint liberally because Mr. Gates is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the January 4 Amended Complaint will be dismissed in part.

Mr. Gates asserts that Defendant Joseph Singleton failed to protect him and was responsible for his foot being burned in October 2008. Mr. Gates also asserts that Defendants Sharon Phillips, Dr. Wormer, Laurie O'Neal, and J. Hooker failed to provide adequate medical treatment for the burn, which has resulted in gangrene in his foot. Mr. Gates further asserts Defendants Hooker and J. Wescot prescribed drugs for him that almost caused his death on October 11, 2008. With respect to Defendants Singleton, Phillips, Dr. Wormer, O'Neal, Hooker, and Wescot, the action will be drawn to a district judge and to a magistrate judge. Defendants Doug Rodriguez and K. Hyland, however, will be dismissed for the following reasons.

In the Order of November 19, 2010, Magistrate Judge Boland instructed Mr. Gates that personal participation is an essential allegation in a civil rights action, *see Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and that to establish personal participation a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Mr. Gates also was instructed that to state a claim in federal court he must explain what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Although in Section "C. Nature of the Case" of the January 4 Amended Complaint Mr. Gates states that he is "assert[ing] personal participation by each named Defendant," he does not state specifically what Defendants Rodriguez and Hyland did to violate his constitutional rights. Defendants Rodriguez and Hyland, therefore, will be dismissed from the action. Accordingly, it is

ORDERED that the Complaint and action, as asserted against Defendants Joseph Singleton, Sharon Phillips, Dr. Wormer, Laurie O'Neal, J. Hooker, and J. Wescot, shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Defendants Doug Rodriguez and K. Hyland are dismissed from the action without prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED at Denver, Colorado, this __9th__ day of __March__, 2011.

BY THE COURT:

_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02417-BNB

Dean Gates
Prisoner No. 118740
Fort Lyon Corr. Facility
PO Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 18, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk