IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02417-WJM-BNB

DEAN GATES,

Plaintiff,

v.

SHARON PHILLIPS,
JOSEPH SINGLETON,
DR. WORMER,
LAURIE O'NEAL,
J. HOOKER,
J. WESCOT, and
ALL NURSES OVERSEEING MY CARE FROM 12-3-08 TIL 12-27-08,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the **State Defendants' Motion to Dismiss with Prejudice Under Fed.R.Civ.P. 25(A)(1)** [Doc. #51, filed 09/16/2011] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

At the time he filed his Prisoner Complaint [Doc. #19] (the "Complaint"), the plaintiff was incarcerated by the Colorado Department of Corrections at the Fort Lyon Correctional Facility. The Complaint alleges that the defendants provided improper medical care.

On June 16, 2011, the defendants filed a notice of the plaintiff's death [Doc. #40] (the "Notice"). The defendants request that the Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 25(a).

Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> * * *
>
> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1) and (a)(2).[1]

The Tenth Circuit Court of Appeals has interpreted Rule 25 to require service on the successors or representatives of the deceased party's estate in accordance with Rule 4. Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990).  The 90 day limitations period does not begin to run until proper service has been effected.  Id.  See also Atkins v. City of Chicago, 547 F.3d 869, 873 (7th Cir. 2008) (stating that "nonparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative (it has not been), should certainly be served"); Barow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994) (stating that nonparty successors or representatives must be served the suggestion of death in the manner provided by Rule 4); Fariss v. Lynchburg Foundry, 769 F.2d 958, 961-62 (4th Cir. 1985) (same).

The defendants certify that the suggestion of death was served on the plaintiff at the Fort Lyon Correctional Facility.  *Notice*, p. 2.  The defendants do not discuss Grandbouche, nor do they demonstrate that they have served (or attempted to serve) the successors or representatives of the plaintiff's estate.

---

[1]A motion for substitution has not been filed in this case.

2

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 19, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge