IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02417-RBJ-BNB

DEAN GATES,

Plaintiff,

v.

SHARON PHILLIPS,
JOSEPH SINGLETON,
DR. WORMER,
LAURIE O'NEAL,
J. HOOKER,
J. WESCOT, and
ALL NURSES OVERSEEING MY CARE FROM 12-3-08 TIL 12-27-08,

Defendants.

_____

**ORDER**
_____

This matter arises on the **State Defendants' Motion for a Stay of Case . . . .** [Doc. #58 filed 10/18/2011] (the "Motion to Stay").  The Motion to Stay is DENIED.

At the time he filed his Prisoner Complaint [Doc. #19], the plaintiff was incarcerated by the Colorado Department of Corrections at the Fort Lyon Correctional Facility.  On June 16, 2011, the defendants filed a notice of the plaintiff's death [Doc. #40] and a motion to dismiss the Complaint under Rule 25(a) [Doc. #51].  On September 19, 2011, I recommended that the defendants' motion to dismiss be denied because the defendants did not demonstrate that they served (or attempted to serve) a suggestion of death on the successors or representatives of the plaintiff's estate as required by Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990) [Doc. #52].

The defendants request an order staying the case or extending the deadline to file an answer or otherwise respond to the plaintiff's Complaint. *Motion to Stay*, p. 4. The defendants state that they "have filed a Second Notice of Death pursuant to Fed. R. Civ. P. 25(a) on October 18, 2011, which includes certification that the Second Notice is being served on the individuals named to the Colorado Department of Corrections by plaintiff as his son and sister." Id. at ¶ 7. However, the defendants have not filed any documentation demonstrating proper service on the successors or representatives of the plaintiff's estate. Accordingly,

IT IS ORDERED:

1. The Motion to Stay is DENIED; and

2. On or before **March 27, 2012**, the defendants shall file proof that they served (or attempted to serve) a suggestion of death on the successors or representatives of the plaintiff's estate as required by Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990).

Dated March 13, 2012.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge