IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02417-RBJ-BNB

DEAN GATES,

Plaintiff,

v.

SHARON PHILLIPS,
JOSEPH SINGLETON,
DR. WORMER,
LAURIE O'NEAL,
J. HOOKER,
J. WESCOT, and
ALL NURSES OVERSEEING MY CARE FROM 12-3-08 TIL 12-27-08,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendants' Renewed Motion to Dismiss Case Pursuant to Rule 25(A) . . . .** [Doc. #62, filed 03/14/2012] (the "Motion to Dismiss").  I respectfully RECOMMEND that the Motion to Dismiss be GRANTED.

At the time the plaintiff filed his Prisoner Complaint [Doc. #19], he was incarcerated by the Colorado Department of Corrections ("DOC") at the Fort Lyon Correctional Facility.  On June 16, 2011, the defendants filed a notice of the plaintiff's death [Doc. #40] and a motion to dismiss the Complaint under Rule 25(a) [Doc. #51].  On September 19, 2011, I recommended that the defendants' motion to dismiss be denied because the defendants did not demonstrate that they served (or attempted to serve) a suggestion of death on the successors or representatives of the plaintiff's estate as required by Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990).

Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> * * *
>
> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1) and (a)(2).

The Tenth Circuit Court of Appeals has interpreted Rule 25 to require service on the successors or representatives of the deceased party's estate in accordance with Rule 4. Grandbouche, 913 F.2d at 837. The 90 day limitations period does not begin to run until proper service has been effected. Id.

The Defendants' Second Notice to the Court of Plaintiff's Death states that the plaintiff listed two emergency contacts in his DOC file: (1) his son, Donald Gates, 635 Ria Court, Grand Junction, Colorado 81504; and (2) his sister, Pam Langstaff, 4606 Sego Lily Court, Pasco, Washington 99301-7120. *Motion to Dismiss*, Ex. 1. In their renewed Motion to Dismiss, the defendants certify that (1) they unsuccessfully attempted to serve the plaintiff's son at three separate addresses, including the Ria Court address, but "[d]espite using the resources available to the Colorado Attorney General's office and diligent efforts to find and serve Plaintiff's son, Donald Gates, no further addresses are available"; (2) the suggestion of death was personally served on the plaintiff's sister, Pam Langstaff, on October 26, 2011; and (3) Ms. Langstaff was

told that her brother filed this action prior to his death and that she had 90 days from the date of service to file a motion for substitution. *Motion to Dismiss*, ¶¶ 5-8; Exs. 1-4.[1]

More than 90 days have passed since the defendants served the suggestion of death on Ms. Langstaff. A motion for substitution has not been filed in this case. Accordingly,

I respectfully RECOMMEND that the Motion be GRANTED and that this case be dismissed.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 19, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] The defendants refer to Exhibit 5, but there is no fifth exhibit attached to the Motion to Dismiss. *Motion to Dismiss*, ¶ 7c.